NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0378n.06
Filed: June 6, 2007

No. 06-5358

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LORETTA LYNN,

    Plaintiff-Appellee,

v.                                                                 On Appeal from the United
                                                                   States District Court for the Middle
SURE-FIRE MUSIC COMPANY, INC.,                                     District of Tennessee

    Defendant-Appellant.

_____/

BEFORE:    RYAN and GRIFFIN, Circuit Judges; and HOOD, Chief District Judge.[*]

    RYAN, Circuit Judge.    The plaintiff, Loretta Lynn, the famed country music artist, brought suit in a Tennessee state court against the defendant, Sure-Fire Music Company, Inc., asserting multiple state law claims arising from a contract governing copyrights to music Lynn has composed. The state court dismissed Lynn's complaint on the grounds that the federal Copyright Act preempted Lynn's state law claims. She then filed suit in federal district court alleging the same state law causes of action the state trial court found were preempted. However, the district court held that Lynn's state law claims are not preempted by the Copyright Act, and therefore, must be dismissed because, without preemption, the court did not have subject matter jurisdiction. Although it "won" in the district court, in the sense that the lawsuit against it was dismissed, Sure-Fire

_____

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

appealed, arguing that the district court erred in holding that Lynn's claims were not preempted by the Copyright Act and, therefore, the court was without subject matter jurisdiction. We now affirm.

## I.

Lynn entered into an agreement with Sure-Fire in 1961 whereby Sure-Fire would receive worldwide copyright interests in music composed by Lynn in exchange for paying Lynn royalties. In 1966, Lynn and Sure-Fire executed a new agreement with the same basic terms plus one notable additional provision. The new agreement provided that it "shall be null and void in the event there is a change of ownership in Sure-Fire Music Company, Inc., it being . . . [Lynn's] demand[] that she be associated only with current management." At the time of this 1966 Agreement, brothers Doyle, Teddy, Leslie, and Lester Wilburn owned Sure-Fire. By 2003, only two of these four brothers controlled Sure-Fire, and thereafter, other family members took over the business.

Lynn believed that the new ownership triggered the "null and void" provision of the 1966 Agreement. She sued Sure-Fire in a Tennessee state court, raising six claims: (1) a request for a declaratory judgment that under the 1966 Agreement she now owns the copyrights to her compositions; (2) an action to recover certain master and demonstration recordings in Sure-Fire's possession; (3) conversion; (4) willful and malicious breach of contract by Sure-Fire for failing to renew certain copyrights and failing to collect and distribute foreign royalties; (5) breach of implied duty of good faith and fair dealing; and (6) a request for an accounting of all foreign royalties.

The state court dismissed the complaint for lack of subject matter jurisdiction, holding that the Copyright Act preempted Lynn's claims. The court found that the claims

were "based upon a determination of copyright ownership and exploitation of copyrighted material" and concluded that Lynn could bring her claims only in federal court.

Lynn then filed this action in federal district court, raising the exact same six claims she pleaded in state court. She also filed a motion asking the court to determine whether it had subject matter jurisdiction. Sure-Fire responded with a motion to dismiss on the sole and specific ground that the Copyright Act preempted Lynn's state law claims. In an opinion from the bench, the district court found Lynn's state law claims were not preempted and dismissed the complaint against Sure-Fire, without prejudice, for lack of subject matter jurisdiction. Sure-Fire, although it "prevailed" below, appeals, arguing that the district court indeed had jurisdiction of the case because the Copyright Act completely preempts Lynn's state law claims.

## II.

Lynn challenges Sure-Fire's standing to bring its appeal, arguing that since Sure-Fire successfully obtained a dismissal of the action against it in the district court, it has prevailed and is not aggrieved by the district court's judgment. Lynn argues correctly that one has standing to appeal only if "aggrieved by the judicial action from which" the appeal is taken. Vanguards of Cleveland v. City of Cleveland, 753 F.2d 479, 484 (6th Cir. 1985). However, a "prevailing" party may nevertheless be aggrieved if the judgment entered in its favor was not on the ground for which it sought dispositive relief, but instead, was erroneously grounded in a ruling that misstates the law and leaves the appealing party open to further liability. Stated differently, there are circumstances in which a defendant, although "winning" the lawsuit in the trial court—in the sense that the case against it was dismissed—has standing to appeal the trial court's decision because, for example, the

appellant is erroneously denied the legal ruling it requested in its motion for summary judgment or for dismissal. In such an instance, the winning/appealing party continues to stand exposed to liability it should not, and would not, have faced, but for the trial court's erroneous application of the law. Sure-Fire is just such a party.

Having been sued in federal court on state law theories of contract and tort, Sure-Fire defended on the ground that Lynn's state law claims do not lie, because they are preempted by the Copyright Act. The district court held just the opposite and, as a result, Sure-Fire argues, it is aggrieved. It now faces liability under multiple theories of Tennessee law and is denied the defenses available to it under the Copyright Act, including the right to litigate the issues in federal court.

We are satisfied that Sure-Fire has made a colorable showing that it is aggrieved by the district court's determination that it has no subject matter jurisdiction over this lawsuit and therefore has established the necessary standing to invoke our appellate jurisdiction. We have not overlooked Lynn's additional arguments, challenging our jurisdiction to hear this appeal, however, we conclude that they are without merit.

**III.**

We turn now to the substantive question whether the district court erred in holding that Lynn's claims were not preempted by the Copyright Act and that, as a result, the court was without subject matter jurisdiction. We review a district court order dismissing a case for lack of subject matter jurisdiction de novo. Sutton v. St. Jude Med. S.C., Inc., 419 F.3d 568, 570 (6th Cir. 2005) (citing Joelson v. United States, 86 F.3d 1413, 1416 (6th Cir. 1996)). We think the district court did not err and we will, therefore, affirm.

As a general rule, a federal court has subject matter jurisdiction if the plaintiff's complaint invokes federal law as the basis for the relief requested. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Lynn's complaint invokes no federal law—constitutional, statutory, or otherwise—and alleges only state law claims, strongly suggesting that this case belongs in the state court where Lynn filed it in the first place. But the rule proscribing federal court jurisdiction over purely state law claims has some exceptions, one of which is the instance in which "a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Sure-Fire argues that Lynn's ostensible state law claims are completely preempted by the federal Copyright Act, particularly § 301 of the Act. We agree that if Lynn's claims are preempted by the Copyright Act, Lynn's complaint is transposed to one seeking Copyright law relief, thereby conferring subject matter jurisdiction on the district court. See Ritchie v. Williams, 395 F.3d 283, 286-87 (6th Cir. 2005).

The question, then, is whether Lynn's allegations, although cast in the language of state law causes of action, actually seek relief that is available exclusively under the Copyright Act, via preemption.

Under § 301(a) of the Copyright Act, a state law claim is preempted if: "(1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102, 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (emphasis added) (citation omitted).

The parties agree that Lynn's musical compositions ("the work") are within the "subject matter of copyright," but they disagree whether the specific claims Lynn makes are "equivalent" to the exclusive rights conferred by the Copyright Act and within its scope as set out in 17 U.S.C. § 106, the so-called "equivalency requirement."

The equivalency requirement is met when "the state common law or statutory [rights a plaintiff wants vindicated] . . . are the same as those protected under § 106 of the Copyright Act." Wrench, 256 F.3d at 455. Section 106 gives exclusive rights:

> **(1)** to reproduce the copyrighted work in copies or phonorecords;
> **(2)** to prepare derivative works based upon the copyrighted work;
> **(3)** to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> **(4)** in the case of . . . musical . . . works, to perform the copyrighted work publicly;
> **(5)** in the case of . . . musical . . . works, . . . to display the copyrighted work publicly; and
> **(6)** in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. A right defined by state law is seen as equivalent to one of these federal rights if it "may be abridged by an act which in and of itself would infringe one of the exclusive rights." Wrench, 256 F.3d at 456.

Lynn brought six claims under Tennessee law: (1) a request for a declaratory judgment; (2) an action to recover personal property; (3) conversion; (4) willful and malicious breach of contract; (5) breach of implied duty of good faith and fair dealing; and (6) a request for an accounting. In our judgment, none of these claims satisfies the equivalency requirement, as defined in Wrench, and so none is preempted by the Copyright Act.

Lynn carefully pleaded her first cause of action to allege only ownership claims based exclusively on the interpretation of the 1966 written amended agreement entered by the parties.  She has not asserted an infringement claim or any other theory equivalent to a right exclusive to the Copyright Act.  We agree with the district court that Sure-Fire's obligation under the 1966 contract to surrender and return all copyright entitlements to Lynn if there is a change of ownership in Sure-Fire, involves more than "a promise to refrain from reproducing, performing, distributing or displaying the work."  See id. at 457.  A claim solely to determine ownership of copyrights is not among the exclusive rights conferred by § 106 of the Copyright Act and, ordinarily, is a matter of state law.

Lynn's second and third claims are concerned with dominion over tangible personal property, see Tenn. Code Ann. § 29-30-101; Ralph v. Pipkin, 183 S.W.3d 362, 368 (Tenn. Ct. App. 2005), and they fall outside the scope of the Copyright Act.  See 17 U.S.C. §§ 102(a), 202.  Therefore, they are not preempted by the Act.  See Stromback v. New Line Cinema, 384 F.3d 283, 305 (6th Cir. 2004) (citing Carson v. Dynegy, Inc., 344 F.3d 446, 456-57 (5th Cir. 2003)).

Lynn's fourth and fifth claims seek the recovery of money for mixed tort and breach of contract claims and not for damages related to the loss of any rights conferred by the Copyright Act.  Stated differently, to prevail on her fourth and fifth causes of action, Lynn must prove the formation and breach of an enforceable written contract which she would not be obligated to prove if these claims were merely for copyright infringement under § 106.  They are not "equivalent" to the exclusive rights conferred by § 106.  Therefore, we hold that these claims are not preempted.

Lynn's sixth claim requesting an accounting likewise does not assert any of the exclusive rights protected by the Copyright Act, but asks only for the familiar common law equitable relief of a court-ordered accounting; in this instance, of earned foreign royalties. A request for an accounting of amounts at issue in a common law breach of contract case is uniquely a state law claim and it is neither a right nor a remedy conferred by the Copyright Act. Therefore, Lynn's sixth claim is not preempted by the Act.

## IV.

Since each of Lynn's claims asserts a state law cause of action and none is preempted by the Copyright Act, there is no federal question to support a district court's exercise of subject matter jurisdiction for this case. The district court did not err and we **AFFIRM** its judgment dismissing Lynn's complaint.